IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| SCOTT A. MEDFORD, | ) | |
|---|---|---|
| #Y22728, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 17−cv−1015−JPG |
| vs. | ) | |
| | ) | |
| C/O WALT, and | ) | |
| JOHN/JANE DOE, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff Scott Medford, an inmate in Menard Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights that allegedly occurred at St. Clair County Justice Center ("Jail"). (Doc. 9). In his First Amended Complaint, Plaintiff claims that legal mail at the Jail is being opened before inmates receive it. (Doc. 9, p. 5). This case is now before the Court for a preliminary review of the First Amended Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."

1

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the First Amended Complaint and any supporting exhibits, the Court concludes that this action is subject to summary dismissal.

## The First Amended Complaint

In his First Amended Complaint (Doc. 9), Plaintiff makes the following allegations: "[l]egal mail is being opened prior to getting [to the] intended [recipient]." (Doc. 9, p. 5). Plaintiff further claims that in St. Clair County, there is a "blatant disregard" for the rights of inmates. *Id.* "[O]n May 24, 2017 C.O. Walt gave [Plaintiff] open legal mail." *Id.* Plaintiff did not include a request for relief in his First Amended Complaint. However, on November 2, 2017, Plaintiff filed a document titled "Supplemental First Amended Complaint" (Doc. 11) in which he requests that this Court add a request for monetary damages and injunctive relief "requiring the grievance procedure to be fixed" at the Jail to the First Amended Complaint.[1] (Doc. 11, p. 1).

## Discussion

The Court previously designated a single count in this *pro se* action. The parties and the

---

[1] As noted below, the Court does not accept piecemeal amendments to pleadings, so it will not consider the Supplemental First Amended Complaint to be part of the First Amended Complaint. It being considered part of the First Amended Complaint would not change the analysis herein.

Court will continue to use this designation, with a slight modification included herein, in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of this count does not constitute an opinion regarding its merit.

>**Count 10 –** First and/or Fourteenth Amendment access to courts claim for the opening and reviewing of Plaintiff's legal mail at the Jail.

As discussed in more detail below, Count 10 will be dismissed without prejudice for failure to state a claim upon which relief may be granted. Any other intended claim that has not been recognized by the Court is considered dismissed without prejudice as inadequately pleaded under the *Twombly* pleading standard.

## **Count 10**

"Although prison officials may open a prisoner's legal mail in his presence, *Wolff v. McDonnell*, 418 U.S. 539, 577 (1974), repeated instances of a prisoner's legal mail being opened outside of his presence are actionable." *Greeno v. Litscher*, 13 F. App'x 370, 375-376 (7th Cir. 2001) (citing *Antonelli v. Sheahan*, 81 F.3d 1422, 1431–32 (7th Cir. 1996) (allegations that legal mail was repeatedly opened and sometimes stolen stated claims); *Castillo v. Cook County Mail Room Dept.*, 990 F.2d 304, 306-07 (7th Cir. 1993) (allegations that prisoner's legal mail was opened outside of his presence stated a claim)).

Legal mail is subject to somewhat greater protection than personal mail, in part because the right of access to the courts is involved and must be zealously safeguarded.[2] *Campbell v. Miller*, 787 F.2d 217, 225, n.14 (7th Cir. 1986); *see also Adams v. Carlson*, 488 F.2d 619, 630 (7th Cir. 1973) (all other rights of an inmate are illusory without right of access). "Thus, when a prison receives a letter for an inmate that is marked with an attorney's name and a warning that

---

[2] The extra protections afforded legal mail are generally reserved for privileged correspondence between inmates and their attorneys. *Wolff v. McDonnell*, 418 U.S. 539, 574 (1974); *Antonelli v. Sheahan*, 81 F.3d 1422, 1432 (7th Cir. 1995).

3

the letter is legal mail, officials potentially violate the inmate's rights if they open the letter outside of the inmate's presence." *Kaufman v. McCaughtry*, 419 F.3d 678, 686 (7th Cir. 2005) (citing *Wolf v. McDonnell*, 418 U.S. 539, 577 (1974)); *see also Gaines v. Lane*, 790 F.2d 1299, 1306 (7th Cir. 1986). Isolated incidents of interference with legal mail are generally insufficient to maintain a claim. *See Bruscino v. Carlson*, 654 F.Supp. 609, 618 (S.D. Ill. 1987), aff'd, 854 F.2d 162 (7th Cir. 1988). However, a prisoner's claim of ongoing interference with his legal mail is generally sufficient to state a claim. *Castillo*, 990 F.2d at 304.

The Seventh Circuit has clarified that, because a confidential communique with a lawyer is aimed to win a case rather than to enrich the marketplace of ideas, it is "more straightforward" to view an interference-with-legal-mail claim as infringing on the right of access to the courts as opposed to the right of free speech. *Guajardo–Palma v. Martinson*, 622 F.3d 801, 801, 803 (7th Cir. 2010) (prison officials reading mail to/from prisoners who sue them "is like a litigant's eavesdropping on conferences between his opponent and the opponent's lawyer.").[3] Thus, as with all claims involving the right of access to the courts, a claim of interference with a prisoner's communications with his lawyer cannot proceed absent a showing of hindrance. *See Guajardo-Palma*, 622 F.3d at 805-06 ("whether the unjustified opening of [attorney mail] is a violation of the right of access to the courts or merely, as intimated in *Kaufman* and held in *Gardner*, a potential violation….we think [as with claims challenging the adequacy of a prison's library or legal assistance program] there must b[e] a showing of a hindrance"). With respect to establishing a hindrance, the Seventh Circuit has explained:

> [P]roof of a *practice* of reading a prisoner's correspondence with his lawyer should ordinarily be sufficient to demonstrate hindrance. The reason is that

---

[3] *See also Dreher v. Sielaff*, 636 F.2d 1141, 1143 (7th Cir. 1980) ("The Fourteenth Amendment guarantees meaningful access to courts, [and] ... the opportunity to communicate privately with an attorney is an important part of that meaningful access.").

> knowledge, inferred from a policy or practice, by a prisoner's lawyer that prison officials are likely to read his communications with his client (because they refuse to let him be present when they open the lawyer's letter to see whether it contains contraband or other illicit material) will to a high probability reduce the candor of those communications.

*Id.* at 805. (internal citations omitted) (emphasis in original).

Plaintiff claims that legal mail at the Jail is opened before it reaches the intended recipient. He also claims that Walt gave him open legal mail on May 24, 2017. These allegations are insufficient to state a claim upon which relief may be granted. First, Plaintiff never explains whether the "legal mail" that was opened prior to his receiving it was correspondence with his attorney or a public document from a court. He also does not allege whether legal mail is opened occasionally or as a regular practice at the Jail. He further does not allege how many times his legal mail was opened, instead only describing one instance in May.

It is also unclear from the allegations whether Walt was at fault for Plaintiff's legal mail having been opened on May 24, 2017. Plaintiff merely alleges that Walt gave him a letter that had been opened. There is no indication whether Walt read the letter, opened the letter, or was in any way responsible for it outside of merely delivering it to Plaintiff. Plaintiff also fails to include specific allegations against Defendant John/Jane Doe (Mail Room Employee) in the body of his First Amended Complaint, despite his having listed him or her as a defendant.

Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2). Where a plaintiff has not included a defendant in his statement of claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Furthermore, merely invoking the name of a potential defendant is not

5

sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).

For the foregoing reasons, Plaintiff has failed to state a claim upon which relief can be granted against John/Jane Doe and Walt. Thus, Count 10 will be dismissed without prejudice.

### Pending Motions

Plaintiff has filed a Motion to Appoint Counsel (Doc. 10) that is hereby **DENIED**. There is no constitutional or statutory right to appointment of counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). Federal District Courts have discretion under 28 U.S.C. § 1915(e)(1) to request counsel to assist *pro se* litigants. *Id.* When presented with a request to appoint counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself [.]" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

With regard to the first step of the inquiry, there is no indication whether Plaintiff has attempted to obtain counsel on his own, or has been effectively precluded from doing so. Because Plaintiff has not made this showing, the Court finds that Plaintiff has not made a reasonable attempt to find counsel.

### Disposition

**IT IS HEREBY ORDERED** that the First Amended Complaint (Doc. 9) and **COUNT 10** are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that **C/O WALT** and **JOHN/JANE DOE** ARE dismissed without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file his Second Amended Complaint, stating any facts which may exist to support a First and/or Fourteenth Amendment legal mail claim, within 28 days of the entry of this order (on or before **February 7, 2018**). Should Plaintiff fail to file his Second Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. APP. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g) as Plaintiff has thus far failed to state a claim upon which relief may be granted..

Should Plaintiff decide to file a Second Amended Complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the form, "Second Amended Complaint," and he should use the case number for *this* action (*i.e.* 17-cv-1015-JPG). The pleading shall present each claim in a separate count, and each count shall specify, *by name*, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that defendant. Plaintiff should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits. Plaintiff should *include only related claims* in his new complaint. Claims found to be unrelated to the alleged legal mail claims will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1

(7th Cir. 2004). The Court will not accept piecemeal amendments to a complaint, so Plaintiff should avoid filing supplements to his Second Amended Complaint like he did with his First Amended Complaint. Thus, the Second Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the Second Amended Complaint. The Second Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A. No service shall be ordered on any defendant until after the Court completes its § 1915A review of the Second Amended Complaint.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff elects to file a Second Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

**IT IS SO ORDERED.**
**DATED: January 9, 2018**

               *s/J. Phil Gilbert*
               **U.S. District Judge**