IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SCOTT A. MEDFORD, #Y22728, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) ) |
| C/O WALT, and JOHN/JANE DOE, | ) ) ) ) |
| Defendants. | ) |

Case No. 17−cv−1015−JPG

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Scott Medford, an inmate in Menard Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights that allegedly occurred at St. Clair County Justice Center ("Jail"). (Doc. 13). In his Second Amended Complaint, Plaintiff claims that his legal mail was opened before he received it at the Jail. (Doc. 13, p. 9). This case is now before the Court for a preliminary review of the Second Amended Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Second Amended Complaint and any supporting exhibits, the Court concludes that this action may proceed past threshold.

## The Second Amended Complaint

In his Second Amended Complaint (Doc. 13), Plaintiff makes the following allegations: Plaintiff's "legal mail was opened up every time at St. Clair Justice Center." (Doc. 13, p. 9). On May 24, 2017, C.O. Walt gave Plaintiff open legal mail. *Id.* Other corrections officers at the Jail also gave Plaintiff open legal mail. *Id.* "It was mail from the courts and attorneys that [Plaintiff] was writing attorneys to take [his] case and ask what [he] should do." *Id.* The mail that was opened was "lawsuits and things about [Plaintiff's] case . . . against them or that [he was] defending against them." *Id.* Every time Plaintiff received legal mail while he was at the Jail from August 22, 2016 to June 28, 2017, it had been opened. *Id.* "[T]he mail room is where the mail is checked for contraband so they are usually the one who opens mail to check it. So they were not following the law or they were giving it to the [corrections officers] and the [corrections officers] were opening it without the inmates being presen[t]." *Id.* In Plaintiff's list of defendants, he describes Defendant John/Jane Doe as a mailroom employee who works at the Jail opening and checking mail in the mailroom. (Doc. 13, p. 1).

2

Plaintiff requests monetary damages from the defendants. (Doc. 13, p. 10).

**Discussion**

The Court previously designated a single count in this *pro se* action. The parties and the Court will continue to use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of this count does not constitute an opinion regarding its merit.

> **Count 10 –** First and/or Fourteenth Amendment access to courts claim for the opening and reviewing of Plaintiff's legal mail at the Jail.

As discussed in more detail below, Count 10 will be allowed to proceed past threshold. Any other intended claim that has not been recognized by the Court is considered dismissed without prejudice as inadequately pleaded under the *Twombly* pleading standard.

**Count 10**

"Although prison officials may open a prisoner's legal mail in his presence, *Wolff v. McDonnell*, 418 U.S. 539, 577 (1974), repeated instances of a prisoner's legal mail being opened outside of his presence are actionable." *Greeno v. Litscher*, 13 F. App'x 370, 375-376 (7th Cir. 2001) (citing *Antonelli v. Sheahan*, 81 F.3d 1422, 1431–32 (7th Cir. 1996) (allegations that legal mail was repeatedly opened and sometimes stolen stated claims); *Castillo v. Cook County Mail Room Dept.*, 990 F.2d 304, 306-07 (7th Cir. 1993) (allegations that prisoner's legal mail was opened outside of his presence stated a claim)).

Legal mail is subject to somewhat greater protection than personal mail, in part because the right of access to the courts is involved and must be zealously safeguarded.[1] *Campbell v. Miller*, 787 F.2d 217, 225, n.14 (7th Cir. 1986); *see also Adams v. Carlson*, 488 F.2d 619, 630

---

[1] The extra protections afforded legal mail are generally reserved for privileged correspondence between inmates and their attorneys. *Wolff v. McDonnell*, 418 U.S. 539, 574 (1974); *Antonelli v. Sheahan*, 81 F.3d 1422, 1432 (7th Cir. 1995).

(7th Cir. 1973) (all other rights of an inmate are illusory without right of access). "Thus, when a prison receives a letter for an inmate that is marked with an attorney's name and a warning that the letter is legal mail, officials potentially violate the inmate's rights if they open the letter outside of the inmate's presence." *Kaufman v. McCaughtry*, 419 F.3d 678, 686 (7th Cir. 2005) (citing *Wolf v. McDonnell*, 418 U.S. 539, 577 (1974)); *see also Gaines v. Lane*, 790 F.2d 1299, 1306 (7th Cir. 1986). Isolated incidents of interference with legal mail are generally insufficient to maintain a claim. *See Bruscino v. Carlson*, 654 F.Supp. 609, 618 (S.D. Ill. 1987), aff'd, 854 F.2d 162 (7th Cir. 1988). However, a prisoner's claim of ongoing interference with his legal mail is generally sufficient to state a claim. *Castillo*, 990 F.2d at 304.

The Seventh Circuit has clarified that, because a confidential communique with a lawyer is aimed to win a case rather than to enrich the marketplace of ideas, it is "more straightforward" to view an interference-with-legal-mail claim as infringing on the right of access to the courts as opposed to the right of free speech. *Guajardo–Palma v. Martinson*, 622 F.3d 801, 801, 803 (7th Cir. 2010) (prison officials reading mail to/from prisoners who sue them "is like a litigant's eavesdropping on conferences between his opponent and the opponent's lawyer.").[2] Thus, as with all claims involving the right of access to the courts, a claim of interference with a prisoner's communications with his lawyer cannot proceed absent a showing of hindrance. *See Guajardo-Palma*, 622 F.3d at 805-06 ("whether the unjustified opening of [attorney mail] is a violation of the right of access to the courts or merely, as intimated in *Kaufman* and held in *Gardner*, a potential violation….we think [as with claims challenging the adequacy of a prison's

---

[2] *See also Dreher v. Sielaff*, 636 F.2d 1141, 1143 (7th Cir. 1980) ("The Fourteenth Amendment guarantees meaningful access to courts, [and] ... the opportunity to communicate privately with an attorney is an important part of that meaningful access.").

4

library or legal assistance program] there must b[e] a showing of a hindrance"). With respect to establishing a hindrance, the Seventh Circuit has explained:

> [P]roof of a *practice* of reading a prisoner's correspondence with his lawyer should ordinarily be sufficient to demonstrate hindrance. The reason is that knowledge, inferred from a policy or practice, by a prisoner's lawyer that prison officials are likely to read his communications with his client (because they refuse to let him be present when they open the lawyer's letter to see whether it contains contraband or other illicit material) will to a high probability reduce the candor of those communications.

*Id.* at 805. (internal citations omitted) (emphasis in original).

Plaintiff claims that his legal mail, including letters to attorneys regarding lawsuits, was repeatedly opened during his approximately 10-month detention at the Jail. Construing the allegations liberally, the Second Amended Complaint at least suggests that Defendants Walt and John/Jane Doe, a mailroom worker responsible for screening mail, were at fault for this violation. For these reasons, Count 10 will proceed against both Walt and John/Jane Doe.

**Identification of Unknown Defendants**

Plaintiff shall be allowed to proceed with Count 10 against Defendant John/Jane Doe. However, this defendant must be identified with particularity before service of the Second Amended Complaint can be made on him or her. Where a detainee's complaint states allegations describing conduct of a jail staff member sufficient to raise a constitutional claim, but the name of that defendant is not known, the detainee should have the opportunity to engage in limited discovery to ascertain his or her identity. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). In this case, the St. Clair County Sheriff will be added as a defendant, in his or her official capacity only, and he or she shall be responsible for responding to discovery (formal or otherwise) aimed at identifying John/Jane Doe. Guidelines for discovery will be set by the United States Magistrate Judge. Once the name of John/Jane Doe is discovered, Plaintiff

shall file a motion to substitute the newly identified defendant in place of the generic designation in the case caption and throughout the Second Amended Complaint.

**Disposition**

**IT IS HEREBY ORDERED** that **COUNT 10** shall **PROCEED** against **WALT** and **JOHN/JANE DOE**.

The **CLERK** is **DIRECTED** to **ADD ST. CLAIR COUNTY SHERIFF** as a defendant in this action, in his or her official capacity only, in CM-ECF. He or she shall be responsible for responding to discovery (formal or otherwise) aimed at identifying John/Jane Doe.

**IT IS FURTHER ORDERED** that as to **COUNT 10**, the Clerk of Court shall prepare for **WALT, JOHN/JANE DOE** (once identified), and **ST. CLAIR COUNTY SHERIFF** (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Second Amended Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file

or disclosed by the Clerk.

Service shall not be made on **JOHN/JANE DOE** until Plaintiff has identified him or her by name in a properly filed motion for substitution of parties. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the name and service address for this individual.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Second Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings, including a plan for discovery aimed at identifying the unknown defendant with particularity. Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that his IFP Motion (Doc. 3) has been granted. *See* 28 U.S.C. § 1915(f)(2)(A); (Doc. 6).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**
**DATED: April 10, 2018**

**s/J. Phil Gilbert**
**United States District Judge**